**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RAMSEY GORCHEV,**

      Plaintiff,

v.                                **CIVIL ACTION NO.: 3:15-CV-92
(GROH)**

**STACY PINTAR,
(a/k/a Stacy Pintar-Mantey),**

      Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

Currently pending before the Court is the Defendant's Motion to Stay Discovery and the Fed. R. Civ. P. 26(f) Initial Discovery Conference, filed on August 13, 2015. ECF No. 9.

On August 11, 2015, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 7. Because the Plaintiff is appearing *pro se*, this Court issued a *Roseboro* Notice on August 14, 2015. ECF No. 11. The *Roseboro* Notice directed the Plaintiff to respond to the Defendant's Motion to Dismiss within thirty (30) days of the entering of the Order. Thereafter, on August 13, 2015, the Defendant filed a Motion to Stay Discovery and the Fed. R. Civ. P. 26(f) Initial Discovery Conference. ECF No. 9. The Court has not yet ruled on the Defendant's Motion to Dismiss.

In its Motion, the Defendant requested that this Court stay the discovery conference until this Court has an opportunity to rule upon the Defendant's earlier Motion to Dismiss. The Defendant avers that because the Motion to Dismiss is based on the

claim that this Court lacks subject-matter jurisdiction, and because such a motion is dispositive, that this Court should restrict discovery until the Defendant's Motion is ruled upon.

Per Federal Rule of Civil Procedure 26(c)(1)(A)–(B), "The court may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . forbidding the disclosure or discovery [and] specifying terms, including time and place, for the disclosure or discovery . . . ." FED. R. CIV. P. 26(c)(1)(A)–(B). In particular, a district court has discretion to stay discovery pending its ruling on a dispositive motion. See Herbert v. Lando, 441 U.S. 153, 177 (1977); Sheehan v. United States, Civil Action No. 5:11CV170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012). Because the Defendant's Motion is a motion for summary judgment based upon this Court's lack of subject-matter jurisdiction, the Defendant's Motion is dispositive. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 405–411 (4th Cir. 2010).

Upon consideration, the Court finds good cause to stay discovery. Both the Plaintiff and the Defendant would suffer undue burden and undue expense should the Court later determine that it lacks subject-matter jurisdiction. The Court believes it is in the best interest of both parties to stay all discovery matters until the Court renders its decision on the Defendant's Motion to Dismiss.

Accordingly, the Court **GRANTS** the Defendant's Motion to Stay Discovery and the Fed. R. Civ. P. 26(f) Initial Discovery Conference. The Court hereby **VACATES** the First Order and Notice [ECF No. 3] and **STAYS** all discovery pending the Court's ruling on the Defendant's Motion to Dismiss.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to send a copy, by certified mail, return receipt requested, to the *pro se* Plaintiff.

**DATED:** August 19, 2015

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE